JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL GEORGE BETTASSO,

Petitioner,

v.

RICK HILL, ACTING WARDEN,

Respondent.

Case No. 5:21-cv-01925-FWS-SHK

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

## I.      Introduction and Relevant Procedural History

Before the Court is the Magistrate Judge's July 31, 2023, Report and Recommendation ("Report and Recommendation"), (Dkt. 24), regarding the claims of Petitioner George Michael Bettasso ("Petitioner"), as stated in the Petitioner's Verified First Amended Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ( "Amended Petition"), (Dkt. 14-2).  Based on the state of the record, as applied to the applicable law, the court adopts the Report and Recommendation issued by the Magistrate Judge, including each of the findings of fact and conclusions of law therein.

On or about November 12, 2021, Plaintiff filed the Verified Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ( "Petition"). (Dkt. 1.)  On or about January 30, 2023, the Verified First Amended Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 became the operative pleading in this matter ( "Amended Petition").  (Dkt. 14-2.)  The Amended Petition, in summary, contains the following allegations and grounds: (1) "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where vehicular manslaughter is a lesser included offense of murder;" (2) "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where the trial court erred by failing to instruct on vehicular manslaughter as a lesser included offense of murder;" (3) "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where the People failed to present sufficient evidence to support Petitioner's second-degree murder conviction;" and (4) "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments due to the ineffectiveness of trial counsel." (Dkt. 14-2 at 10-12.)[1]

---

[1] Unless stated otherwise, the citations to page numbers refer to ECF pagination.

On April 28, 2023, Respondent Rick Hill ("Respondent") filed an Answer to the Amended Petition ("Answer"). (Dkt. 20.) On May 22, 2023, Petitioner filed a Reply in Support of the Amended Petition ("Reply"). (Dkt. 23.)

On July 31, 2023, the Magistrate Judge filed the Report and Recommendation. (Dkt. 24.) On September 5, 2023, Petitioner filed Objections to the Report and Recommendation ("Objections"). (Dkt. 28.)

**II.      Analysis**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, the Magistrate Judge recommends "the District Judge issue an order . . . directing that Judgment be entered denying the Petition and dismissing this action."[2] (Dkt. 24 at 27.) More specifically, the Magistrate Judge states that "[b]ecause Grounds One and Two are not cognizable and because the state court's rejection of Grounds Three and Four was not contrary to and did not involve an unreasonable application of clearly established Supreme Court law, the Magistrate Judge recommends that the District Judge deny the claims in the Petition with prejudice." (*Id.* at 2.)

In the Objections, Petitioner responds to the reasons provided by the Magistrate Judge in the Report and Recommendation. (Dkt. 28.) In summary, Petitioner argues: (1) "the state court's factual determinations are not entitled to deference;" (2) "the trial court erred in failing to instruct the jury on vehicular manslaughter as a lesser included" and "denied Petitioner of the right to present a defense;" (3) "the prosecution failed to present sufficient evidence to sustain [Petitioner's] convictions;" and (4) "Petitioner has established trial counsel was ineffective." (Dkt. 28 at 3-4, 8-9.)

In this case, after conducting a *de novo* review of Petitioner's Objections, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the recommendations that "the District Court issue an Order: (1) [a]pproving and accepting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice." (Dkt. 24 at 27.) Accordingly, the Objections are **OVERRULED** on their merits.

In sum, pursuant to 28 U.S.C. § 636, the Court has reviewed the record, including the Report and Recommendation, the Amended Petition, the Answer, the Reply, the Objections, and the other records of the case. After conducting a *de novo*

---

[2] The court construes all references to "Petition" in the Report and Recommendation as referring to the Amended Petition, the operative pleading in this matter.

determination of the portions of the Report and Recommendation to which the Objections pertain, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III. Conclusion

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein. Accordingly, the Court **DISMISSES THE AMENDED PETITION WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: September 19, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE